NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES GREGORY REECE, | No.    17-15432 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-02712-TLN-AC |
| v. | |
| AMRICK BASI; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Charles Gregory Reece, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and a due process violation.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Jett v. Penner*,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

439 F.3d 1091, 1096 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment with regard to defendant Basi's treatment of Reece's urological condition because Reece failed to raise a genuine dispute of material fact as to whether Basi consciously disregarded a serious risk to Reece's health in treating his condition with prescription medication, and acted deliberately to deprive Reece of his right to make informed decisions about his medical care. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; mere negligence does not suffice); *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) ("The due process clause of the Fourteenth Amendment substantively protects a person's rights to be free from unjustified intrusions to the body, to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently." (citation omitted)).

The district court properly granted summary judgment with regard to defendants' treatment of Reece's vision problems because Reece failed to raise a genuine dispute of material fact as to whether any delay in treatment resulted in substantial harm so as to constitute a violation of the Eighth Amendment. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a delay of medical treatment evinces deliberate indifference to a serious medical need only if the delay leads to further injury).

17-15432

The district court did not abuse its discretion in ruling on Reece's motion to compel defendant Basi's work records. *See id.* at 751 (setting forth standard of review and explaining district court's broad discretion to deny discovery).

**AFFIRMED.**